UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MIKQUELON R. DUGAS              CIVIL ACTION NO. 6:15-cv-02831

VERSUS                         JUDGE HICKS

CITY OF JEANERETTE, ET AL.      MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Currently pending is the motion to remand (Rec. Doc. 3), which was filed by the plaintiff, Mikquelon R. Dugas. The motion is opposed. (Rec. Doc. 19). The motion was referred to the undersigned Magistrate Judge for disposition. (Rec. Doc. 23). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED.

## BACKGROUND

This lawsuit originated in the 16th Judicial District Court, Iberia Parish, Louisiana. The plaintiff, Mikquelon R. Dugas, filed a petition for damages on November 5, 2015, alleging that, on November 11, 2014, he was beaten by police officers without provocation, charged with several criminal offenses, and kept in a cell for several hours without medical attention even though his arm was broken. In May 2015, all of the criminal charges were allegedly dropped. In his complaint, Mr. Dugas seeks to recover for the negligence of the City of Jeanerette, the mayor of Jeanerette, the Jeanerette chief of police, and two Jeanerette police officers. Mr.

Dugas seeks recovery under Louisiana Civil Code Article 2315 "and all other applicable Louisiana laws." He alleged that defendants Marvin Grogan and Gloria Lombard were negligent in"failing to establish, maintain, or enforce a disciplinary regime sufficient to deter. . . acts by rogue officers set on abusing their authority and the Constitutional rights of citizens. . . ." (Rec. Doc. 2 at 3-4). He further alleged that defendants Juandre Gilliam, and John Brown violated "the Constitutional Rights of the Plaintiff." (Rec. Doc. 2 at 4-5).

The defendants removed this action from state court to this forum, arguing that the court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 because the lawsuit presents a federal question.

In his motion to remand, however, the plaintiff argued that he seeks redress under the laws of Louisiana only and has not asserted a claim under the United States Constitution or any other federal law.

## ANALYSIS

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1]  Accordingly, federal courts

---

[1]    See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Howery v. Allstate Ins., Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3]  For that reason, a suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[4]  "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns."[5]  The removal statute must therefore be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction.[6]  The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[7]  When an action is removed from state court, as this suit was, the removing party bears the burden of

---

[2]     28 U.S.C. § 1331.

[3]     28 U.S.C. § 1332.

[4]     *Howery v. Allstate*, 243 F.3d at 916.

[5]     *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

[6]     *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *Carpenter v. Wichita Falls*, 44 F.3d at 366; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[7]     *Howery v. Allstate Ins. Co.*, 243 F.3d at 919; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

proving that federal jurisdiction exists.[8]  Accordingly, the defendants in this case have the burden of establishing that the court has subject-matter jurisdiction.  A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject-matter jurisdiction.[9]  Indeed, a federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case.[10]

Under the "well-pleaded complaint" rule, an action arises under federal law "when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[11]  The relevant statute states that a federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[12]  Thus, a federal question is presented when the complaint invokes federal law as the basis for relief.  A sufficient basis for federal-court

---

[8]      *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

[9]      See 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

[10]      *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

[11]      *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[12]      28 U.S.C. § 1331

jurisdiction is not presented, however, if the facts alleged in support of an asserted state-law claim would also support a federal complaint.

A plaintiff is the master of his own complaint.[13]  For that reason, a plaintiff may choose to forego available federal-law claims in order to avoid removal from state court.[14]  "When a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law, thus defeating defendant's opportunity to remove."[15]  Even in a situation where both federal and state remedies are available on a given set of facts, there is no basis for removal on the basis of a federal question if the plaintiff elects in his state-court petition to proceed exclusively under state law.[16]  "[T]he paramount policies embodied in the well-pleaded complaint rule [are] that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court."[17]  These policies

---

[13]     *Caterpillar Inc. v. Williams*, 482 U.S. at 392; *Medina v. Ramsey Steel Co*., 238 F.3d 674, 680 (5th Cir. 2001) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist*., 44 F.3d at 366).

[14]     *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc*., 535 U.S. 826, 831 (2002); *Caterpillar Inc. v. Williams*, 482 U.S. at 398-99.

[15]     *Medina v. Ramsey Steel Co*., 238 F.3d at 680 (internal quotation marks omitted) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist*., 44 F.3d at 366).

[16]     *Avitts v. Amoco Production Co*., 53 F.3d 690, 693 (5th Cir. 1995).

[17]     *Caterpillar Inc. v. Williams*, 482 U.S. at 398-99

protect the proper balance of power between federal and state courts by favoring narrow construction of removal jurisdiction.

In this case, the defendants contend that the four mentions of Constitutional rights in the plaintiff's complaint mandate a conclusion that the plaintiff was referring to the United States Constitution and asserting a claim under federal law.  On that basis, the defendants argue that this Court has federal question jurisdiction over this action.  But the plaintiff argues that his reference to Constitutional rights was meant to invoke only the protections afforded by the Louisiana state constitution.

This Court finds the plaintiff's argument to be persuasive.  There is no federal statute cited in the plaintiff's petition.  On the other hand, the plaintiff alleged in his petition that "[u]nder the Louisiana Civil Code article 2315 and all other applicable Louisiana laws, the defendants' [sic] are jointly indebted to the plaintiffs' [sic] for his pain and suffering and other damages because [of] their negligence."  (Rec. Doc. 2 at 3).  After this general allegation, which invokes only Louisiana state law, the plaintiff then went on to detail the defendants' actions that purportedly support the general allegation.  Although the plaintiff includes violation of his Constitutional rights among those more specific allegations, there is no reference to the United States Constitution or to any other federal statute anywhere in the complaint.  More particularly, the plaintiff's claim is not articulated as being governed by 42 U.S.C. §

1983 – the procedural vehicle by which violations of the United States Constitution are typically presented, nor did the plaintiff identify any amendment to the United States Constitution that he alleges was violated by the defendants' conduct. Therefore, nothing in the petition shows that the plaintiff is asserting any claims founded upon federal law rather than state law.

On the other hand, the plaintiff did plead the violation of state law in a satisfactory manner.  The plaintiff stated that Louisiana Civil Code Article 2315 and other applicable Louisiana laws were violated.  The plaintiff then expressly alleged that each of the defendants was negligent in causing his injuries.  Under Louisiana law, negligence claims are analyzed under the duty-risk analysis, which has five elements:  (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages.[18]  The allegations of the plaintiff's petition address the five elements and are sufficient to state a negligence claim.  Perhaps more importantly, the plaintiff's allegations do not

---

[18]      See, e.g., *Bufkin v. Felipe's Louisiana, LLC*, 2014-0288 (La. 10/15/14), 171 So. 3d 851, 855.

necessarily include as an essential element of his claim anything arising out of federal law.  All of the claims set forth in the plaintiff's petition can be addressed without turning to any federal statute.

Even when a complaint fails to expressly assert a claim based on the violation of a federal statute, a federal question is presented if the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.[19]  To determine whether resolution of a substantial question of federal law is necessary, s district court must consider whether:  (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.[20]  In this case, however, the plaintiff's claims are amenable to resolution under state law, including but not limited to the Louisiana state constitution, and it is not necessary to address a federal issue in order to effectively resolve the state law claims.  No federal issue has been raised or is actually disputed, and no federal issue is substantial.  Therefore, it is not necessary to reach the issue of whether the imposition of federal jurisdiction would disturb the balance of federal and state judicial responsibilities.  As the plaintiff argued, he has

---

[19]    *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008).

[20]    *Singh v. Duane Morris LLP*, 538 F.3d at 338.

asserted only claims based on and arising out of state law that can be resolved without the necessity of addressing any federal laws or issues.

A plaintiff may avoid federal jurisdiction by exclusively relying on state law, even when a federal claim is also available.[21]   A federal claim does not exist simply because the facts set forth in the complaint suggest such a claim, and a federal claim does not exist simply because the plaintiff failed to expressly deny such a claim in his complaint.  Instead, the well-pleaded complaint rule requires that the federal claim be readily apparent from the manner in which the plaintiff, as the master of his own complaint, pleaded his theory of recovery.

The defendants argue that the use of the words "deliberate indifference" in the plaintiff's petition suggest that an Eighth Amendment or Fourth Amendment claim was asserted.  Although those words may be a term of art when a claim is asserted for violation of a person's rights secured by the United States Constitution, they can also be used in other contexts and assigned their commonly used definitions.  This Court finds that the plaintiff's use of those words did not convert his state-law claims into federal-law claims.

---

[21]      *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772-73 (5th Cir. 2003).

In this case, the plaintiff opposed the defendants' motion to remand by arguing that the "constitutional Rights referred to in Plaintiffs [sic] Petition are the Constitutional Rights afforded him by the Louisiana State Constitution not the United States Constitution." (Rec. Doc. 13 at 3). There is nothing apparent on the face of his complaint at odds with that statement. Accordingly, this Court finds that the plaintiff has alleged only state-law claims in his petition and has not alleged any claim arising under the Constitution, laws, or treaties of the United States; therefore, the court lacks subject-matter jurisdiction over this action.

Finally, the plaintiff argues that this case was removed frivolously and in bad faith, entitling the plaintiff to the recovery of reasonable attorneys' fees and costs. (Rec. Doc. 13 at 3). In actuality, however, "[a]n award of costs has never been predicated on a finding of bad faith or negligent or frivolous removal."[22] Instead, fees and costs may be awarded, in the court's discretion, when an action is improperly removed.[23] The relevant inquiry is "whether the defendant had objectively reasonable grounds to believe the removal was legally proper."[24]  Having considered the arguments presented by the defendants in opposition to the motion to remand, this

---

[22]     *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993), citing *News-Texan, Inc. v. City of Garland*, 814 F.2d 216, 220 (5th Cir.1987).

[23]     *Miranti v. Lee*, 3 F.3d at 928.

[24]     *Valdes v. Wal-Mart Stores, Inc*., 199 F.3d 290, 293 (5th Cir. 2000).

Court concludes that the defendants had objectively reasonable grounds upon which to remove this case to district court, even though their arguments were ultimately found to be unsuccessful.  Therefore, no fees or costs will be awarded to the plaintiff.

## CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the plaintiff's motion to remand (Rec. Doc. 3) is GRANTED, and this action will be remanded to the 16th Judicial District Court, Iberia Parish, Louisiana.

Signed at Lafayette, Louisiana, on February 26, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE